IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CEDRIC HICKS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:17-cv-731-GMB |
| | ) | [WO] |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA, | ) | |
| | ) | |
|    Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 25, 2017, Plaintiff Cedric Hicks filed a complaint against Defendant The Board of Trustees of The University of Alabama (the "Board"), alleging discrimination and retaliation based on his race, color, national origin, sex, age, and participation in protected activity. Doc. 1. On December 12, 2017, the Board moved to dismiss Count V of the complaint based on Eleventh Amendment immunity. Doc. 5. Having reviewed the Board's motion, the parties' briefs, and the relevant legal authority, and for the reasons that follow, the court finds that the Board's motion is due to be GRANTED.[1]

## I. STATEMENT OF FACTS

Although Hick's complaint spans 28 pages, it is unnecessary for the court to set forth a lengthy statement of facts, as there is only one discrete issue currently before it—

---

[1] The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 15 & 16.

whether the Board is immune from Hick's § 1983 equal protection claims under the Eleventh Amendment. Accordingly, the court will set forth only those facts that are relevant and necessary to resolve this particular issue.

On October 25, 2017, Hicks filed a complaint against a single defendant—the Board[2]—asserting various claims of discrimination and retaliation based on his race, national origin, color, sex, age, and participation in prior protected activity. Doc. 1. One of Hicks' claims against the Board is entitled "Equal Protection of the Law USCS Constitutional Amendment 14 to the United States Constitution UAB (Violation of the 14th Amendment to the United States Constitution)." Doc. 1 at 25–26. The substance of that claim, identified as Count V of the complaint, consists of the following:

> Defendants[3] have denied the Plaintiff equal protection of the law in violation of USCS Const. Amend. 14, by refusing to grant him equal employment opportunity and discriminating against him based on his race, and sex, Black and Male, Age over 40, Retaliation prior complaints of discriminatory conduct, and national origin African American. Defendants are in violation of this law by their continued constructive termination of the Plaintiff based on his race, age, national origin and sex, and continuing to enforce the unfair constructive discharge of the Plaintiff based on discrimination and retaliation for his protected prior activity. There was a systematic pattern of racial bias, oppression and disrespect that forced Plaintiff to submit his letter of resignation on March 2nd, leading to his constructive discharge on April 2, 2016.

---

[2] Although Hicks' complaint identifies the defendant as The University of Alabama (UAB) Montgomery Campus, the defendant represents in both its limited answer and partial motion to dismiss that its correct name is The Board of Trustees of the University of Alabama. *See* Docs. 5 & 6. In light of these representations, the court ordered Hicks to show cause why the defendant's name should not be changed from The University of Alabama (UAB) Montgomery Campus to The Board of Trustees of the University of Alabama no later than April 9, 2018. Doc. 20. Hicks did not oppose this change. Doc. 21. As a result, on April 10, 2017, the court ordered the defendant's name changed from The University of Alabama (UAB) Montgomery Campus to The Board of Trustees of the University of Alabama. *See* Doc. 22.

[3] Although Hicks repeatedly uses the word "Defendants" throughout his complaint, he has sued only one defendant—the Board.

2

Doc. 1 at ¶ 111. In other words, from a review of this claim, it appears that Hicks is asserting a claim against the Board for denying him equal protection of the laws in his employment based on his race, sex, age, and national origin in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. It further appears that Hicks is attempting to assert an additional equal protection claim against the Board for retaliating against him for participating in prior protected activity, also in violation of the Fourteenth Amendment to the United States Constitution.[4]

On December 12, 2017, the Board filed a limited answer to Hicks' complaint along with a partial motion to dismiss. Docs. 5 & 6. In its motion to dismiss, the Board argues that Hicks' equal protection discrimination claim, as alleged in Count V of the complaint, is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Eleventh Amendment immunity. Doc. 5. The Board further argues that equal protection retaliation claims are not cognizable under the Fourteenth Amendment, and therefore to the extent Hicks is attempting to assert such a claim against it, that claim is also due to be dismissed as a matter of law. Doc. 5. Hicks filed a response in opposition to the Board's motion to dismiss on January 15, 2018, and a few days later, the Board filed its reply. Docs. 14 & 17. The motion is now fully briefed and ripe for resolution by the court.

## II. DISCUSSION

Title 42 U.S.C. § 1983 imposes liability on any person who, under color of state law, deprives any citizen of the United States "of any rights, privileges, or immunities

---

[4] Hicks' brief mentions a substantive and procedural due process claim, but there are no such claims alleged in the complaint. *See* Docs. 1 & 14.

secured by the Constitution and laws[.]" 42 U.S.C. § 1983.  Although Hicks' complaint does not specifically invoke § 1983, because the Fourteenth Amendment does not contain a private right of action, "it is only via the statutory vehicle of . . . § 1983 that a plaintiff may seek to vindicate his 14th Amendment rights." *McBride v. Murray*, 2006 WL 734542, at *2 (N.D. Ga. Mar. 17, 2006) (citing *BellSouth Telecomms., Inc. v. MCImetro Access Transmission*, 317 F.3d 1270, 1296 (11th Cir. 2003)).  Therefore, the court assumes that Hicks' equal protection claims are brought pursuant to § 1983 even though this statute is not referenced in the complaint.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  "The Supreme Court has extended Eleventh Amendment immunity to prevent suits in federal court against a state by its own citizens." *Brown v. Fla. Dep't of Revenue Office of Child Support Enforcement*, 697 F. App'x 692, 692 (11th Cir. 2017) (citing *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005)).  "The Eleventh Amendment provides immunity for a state's agencies as well." *Id.* (citing *Miccosukee Tribe of Indians v. Fla. State Athletic Comm'n*, 226 F.3d 1226, 1231 (11th Cir. 2000)).  Finally, state universities in Alabama, including the University of Alabama Board of Trustees, are considered arms of the state, and thus, are entitled to Eleventh Amendment immunity. *Harris v. Bd. of Trustees Univ. of Ala.*, 846 F. Supp. 2d 1223, 1233 (N.D. Ala. 2012) (citing *Harden v. Adams*, 760 F.3d 1158, 1163 (11th Cir. 1985); and *Davis v. Ala. State Univ.*, 613 F. Supp. 134, 139–40 (M.D. Ala.

4

1985)); *see also Eubank v. Leslie*, 210 F. App'x 837, 844–45 (11th Cir. 2006).

> There are exceptions to Eleventh Amendment immunity, however.
>
> First, Congress can abrogate eleventh amendment immunity without the state's consent when it acts pursuant to the enforcement provisions of section 5 of the fourteenth amendment. Second, a state may waive its immunity expressly through legislative enactment. "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."

*Carr v. City of Florence*, 916 F.3d 1521, 1524–25 (11th Cir. 1990) (citations and internal footnote omitted). Neither exception applies here. Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, *see Quern v. Jordan*, 440 U.S. 332, 338 (1979), and the State of Alabama has not waived its immunity, *see* Ala. Const. art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Therefore, pursuant to Rule 12(b)(1), the court must dismiss Hicks' § 1983 equal protection claims against the Board for lack of subject-matter jurisdiction.[5] *See Shuler v. Bd. of Trustees of Univ. of Ala.*, 480 F. App'x 540, 544 (11th Cir. 2012) (finding no error in district court's decision to grant judgment in favor of the University of Alabama at Birmingham on plaintiff's § 1983 claims because the Board is entitled to Eleventh Amendment immunity); *Eubank*, 210 F. App'x at 844 (holding that "The University of Alabama Board of Trustees is a state agency" and finding that "the district court did not err in dismissing [the plaintiff's] claim for injunctive relief on Eleventh Amendment

---

[5] "While the Supreme Court has held that the Eleventh Amendment is not jurisdictional in the sense that courts must address the issue *sua sponte*, it has held that Eleventh Amendment immunity is in the nature of a jurisdictional bar." *Brown*, 91 F.3d at 1448 (citing *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996)). "Thus, Eleventh Amendment immunity is a threshold issue that should be decided at an early stage of litigation." *Id.*

5

immunity grounds"); *Doe v. Univ. of Ala. Huntsville*, 177 F. Supp. 3d 1380, 1387 (N.D. Ala. 2016) (dismissing student's § 1983 claims against Board of Trustees on Eleventh Amendment immunity grounds); *Carpenter v. Bd. of Trustees of the Univ. of Ala.*, 2016 WL 1573267, at *3 (N.D. Ala. Apr. 19, 2016) (dismissing plaintiff's § 1983 claims against the Board of Trustees of the University of Alabama under the Eleventh Amendment); *Harris*, 846 F. Supp. 2d at 1234 (holding that all of plaintiff's federal claims against the Board of Trustees of the University of Alabama, except for Title VII, are barred by the Eleventh Amendment).

Moreover, even if the Eleventh Amendment did not bar Hicks' equal protection retaliation claim against the Board, this claim would still fail as a matter of law because, as both Hicks[6] and the Board acknowledge in their briefs, "no established right exists under the equal protection clause to be free from retaliation." *Ratliff v. DeKalb Cnty., Ga.*, 62 F.3d 338, 340–41 (11th Cir. 1995). Because Hicks attempts to bring a § 1983 retaliation claim under the Equal Protection Clause of the Fourteenth Amendment, this claim is due to be dismissed on this additional basis.

Finally, to the extent Hicks requests leave to amend his complaint, the motion is denied because it was improperly raised, *see Davidson v. Maraj*, 609 F. App'x 994, 1002 (11th Cir. 2015), and because no amendment would change the inevitable conclusion that Hicks' § 1983 equal protection claims against the Board fail as a matter of law and must

---

[6] Hicks' brief focuses on the argument that the Eleventh Amendment does not bar his Title VII claims, even though the Board has not sought dismissal of any of his claims other than his § 1983 equal protection claims. Docs. 5 & 14. Hicks' brief does not meaningfully address the Eleventh Amendment's application to his § 1983 claims against the Board. *See* Doc. 14.

be dismissed, as set forth above.

## III. CONCLUSION

Accordingly, for these reasons, the Board's partial motion to dismiss (Doc. 5) is GRANTED, and Count V of Hicks' complaint is DISMISSED WITH PREJUDICE. This opinion does not address Hicks' remaining claims against the Board, and those claims may proceed.

DONE this 18th day of April, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE